IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DIVINE MINISTER ULYSSES      *
TAYLOR BEY, a/k/a            *
ULYSSESS CARNELL TAYLOR      *
(# 209130),                  *
                             *
      Petitioner,            *
                             *   CIVIL ACTION NO. 20-00385-KD-B
                             *
vs.                          *
                             *
WARDEN CHRISTOPHER GORDON,[1] *
                             *
      Respondent.

## REPORT AND RECOMMENDATION

This action is before the Court on review. Petitioner Ulysses Taylor Bey has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[2] (Docs. 1, 4, 14). For the reasons set forth herein, it is recommended that the instant habeas petition be dismissed without prejudice because it is frivolous as a matter of law and, therefore, fails to present any cognizable habeas corpus claims.

---

[1] In habeas actions challenging present custody, the proper Respondent is generally the warden of the facility where the prisoner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004). Accordingly, the Clerk is **DIRECTED** to substitute Warden Christopher Gordy as the proper Respondent in this action.

[2] This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R).

## I. Factual Background and Proceedings.

On January 9, 2020, Ulysses Taylor Bey, an Alabama state prison inmate proceeding *pro se*, filed a "Complaint and Notice of Due Process Violation," along with a filing fee in the amount of $47.00. (Docs. 1, 2). Subsequent thereto, Bey filed an amended complaint, along with a motion to proceed without prepayment of fees.[3] (Docs. 4, 5).

In an order dated August 6, 2020, the Court observed that that Bey's complaint and amended complaint were virtually incomprehensible. (Doc. 7). As best the Court could discern, it appeared that Bey was attempting to challenge a parole revocation by the Alabama Board of Pardons and Paroles and was seeking to be released from state custody. (Doc. 4 at 5-6). The Court advised Bey that, to the extent that he desired to obtain his release from custody, habeas corpus was his exclusive remedy. Thus, Bey was directed to complete and file his § 2254 petition on the current form required by this Court no later than September 4, 2020.[4] (Doc. 7).

---

[3] Bey's motion to proceed *in forma pauperis* (Doc. 5) is **DENIED** as moot, as Bey has paid in excess of the $5.00 filing fee for habeas petitions filed under 28 U.S.C. § 2254. The Clerk is **DIRECTED** to refund the excess payment to Bey.

[4] Bey was also advised that, if he sought, alternatively, to bring a § 1983 action, he must complete and file his § 1983 complaint on the current form required by this Court for § 1983 prisoner (Continued)

On August 24, 2020, Bey filed a fifty-nine page response to the Court's order. The response consisted largely of incoherent documents and attachments.  (Doc. 8).  On August 31, 2020, Bey filed a motion requesting additional time within which to respond to the Court's order and to prepare his filing. (Doc. 9).  In an order dated September 1, 2020, the Court advised Bey that he had one final opportunity to comply with the Court's order by filing a § 1983 complaint or a § 2254 habeas petition no later than October 1, 2020.  (Doc. 10).  Bey was cautioned that his failure to timely comply with the Court's order would result in this Court's recommendation that this case be dismissed.  (Id.).  The Clerk again mailed to Bey a copy of this Court's form for habeas petitions under 28 U.S.C. § 2254 and a copy of this Court's complaint form for prisoner actions under 42 U.S.C. § 1983, as well as a copy of the Pro Se Litigation Guide. (Id.).

On October 5, 2020, Bey again filed a motion requesting additional time within which to respond to the Court's order and to prepare his filing. (Doc. 12).  The Court again granted Bey additional time and instructed Bey to file either a § 1983

---

complaints no later than September 4, 2020.  (Doc. 7).  The Court explained the distinction between a § 2254 habeas action and a § 1983 action and advised Bey that he must elect one or the other, as the two actions were mutually exclusive.  (Id.).  The Clerk mailed Bey a copy of this Court's form for habeas petitions under 28 U.S.C. § 2254 and a copy of this Court's complaint form for prisoner actions under 42 U.S.C. § 1983.  (Id.).

complaint or a § 2254 habeas petition on the Court's required form no later than November 13, 2020. (Doc. 13).

On November 16, 2020, Bey filed an untitled, handwritten amended pleading that utilized neither the Court's § 2254 form nor the § 1983 form. (Doc. 14). Like Bey's previous filings, the amending pleading is, for the most part, unintelligible, nonsensical, and delusional. (Id.).

Notwithstanding, the Court has spent an inordinate amount of time reviewing Bey's latest amended pleading. As best the Court can discern, Bey was arrested by an Alabama state trooper on November 17, 2019, and following a parole revocation hearing before the Alabama Bureau of Paroles and Pardons on January 6, 2020, his parole was revoked. (Doc. 14 at 4, 6-7). Bey seeks release from custody, and in this action he refers to himself as three distinct entities, one of which is divine ("the Divine Minister"), one of which is an artificial business entity (an unincorporated Trust), and one of which appears to be human in form. (Id. at 1, 3, 6, 9). Bey asserts that he is a diplomat by virtue of various treaties and conventions (including the Vienna Convention on Consular and Diplomatic Relations). (Id. at 2). Bey contends that he is "an ipso jure subject of the Emperor High Sun Prince of Al Moroccan Empire El Pharaoh El Amer I Royal beneficiary to the Original 1786/1836 Treaty Trust Jurisdiction anno Domini 1787/1836," and as such, he is "demanding immediate relief and liberty" and that all

litigation related "to case DC-19-628/Monroe County" be ceased because the State of Alabama has no jurisdiction over him given his diplomatic and divine status.[5]  (Id. at 3, 7, 22, 24).  This is Bey's sole basis for habeas relief.

**II. Analysis.**

When a state prisoner, such as Bey, challenges the "fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003)(quoting Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); see also Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995)("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").

As noted *supra*, in Bey's most recent amended pleading (Doc.

---

[5] Bey states that Monroe County Sheriff's Officer, Calvin Kyles, and a Monroe County Parole and Probation Officer showed "utter disregard" for his diplomatic status, despite being put on notice of same by Bey.  (Doc. 14 at 7).

14),[6] he appears to challenge his 2020 parole revocation in the Circuit Court of Monroe County, Alabama, and demands his "liberty" because his status as a divine being and a diplomat place him outside the jurisdiction of the court or State.   Given these allegations, the Court construes Bey's pleading as a petition for habeas relief under 28 U.S.C. § 2254, not a complaint under § 1983.

Having determined that Bey's most recent amended pleading is a § 2254 habeas petition, the Court now reviews that petition under the relevant law and the Rules Governing Section 2254 Cases.   It is well settled that a federal habeas court may not grant relief on previously adjudicated state court claims unless it concludes that the state court's determination "was contrary to, or involved an unreasonable application of, clearly established Federal law" as set forth by the Supreme Court, see 28 U.S.C. § 2254(d)(1), or rested on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   See 28 U.S.C. § 2254(d)(2).   An unreasonable application of clearly established federal law requires a state court ruling "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

---

[6] The Court notes that Bey has failed to allege any facts relating to when he was convicted, of what crime he was convicted, or any details related to his sentence, parole, or parole revocation.

disagreement." Virginia v. LeBlanc, 137 S. Ct. 1726, 1728, 198 L. Ed. 2d 186 (2017)(citations and internal quotation marks omitted).

Stated differently, "[h]abeas review exists only to review errors of constitutional dimension." Giles v. Culliver, 2013 U.S. Dist. LEXIS 47997, *77, 2013 WL 1346380, *23 (N.D. Ala. Apr. 3, 2013), *amended sub nom*. Giles v. Davenport, 2016 WL 1460391 (N.D. Ala. Apr. 14, 2016)(quoting McFarland v. Scott, 512 U.S. 849, 856 (1994)(internal quotation marks omitted); see also 28 U.S.C. § 2254(a). "[A] habeas petitioner must include in his statement of each claim sufficient facts to justify a decision for the petitioner if the alleged facts are proven true." Id. (citing Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)(a federal habeas petition must "state facts that point to a 'real possibility of constitutional error").

Rule 4 of the Rules Governing Section 2254 Cases requires this Court to "promptly examine" habeas corpus petitions and to order summary dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Brown v. Georgia, 2007 U.S. Dist. LEXIS 94043, *1, 2007 WL 4564157, *1 (N.D. Ga. Dec. 24, 2007). "Federal district courts are mandated by Rule 4 to prescreen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition appears legally insufficient on its face." Id. (quoting McFarland, 512

U.S. at 856 (internal quotation marks omitted). Thus, "Rule 4 explicitly requires a district court to dismiss summarily a petition on the merits when no claim for relief is stated." Id. "This power is rooted in the duty of the court [under 28 U.S.C. § 2243] to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."[7] Id. (quoting 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee's Note); see also Bundy v. Wainwright, 808 F.2d 1410, 1414-15 (11th Cir. 1987)("If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.").

Moreover, under Rule 2 of the Rules Governing Section 2254 Cases, the petition must "specify all the grounds for relief available to the petitioner;" "state the facts supporting each ground;" and "state the relief requested." Bey's petition clearly fails to meet these requirements, and the fanciful nature of the twice-amended document indicates that allowing further amendments would be futile. See Jackson v. Florida Dep't of Corrs., 2019 U.S. Dist. LEXIS 202201, *2, 2019 WL 6179542, *1 (N.D. Fla. Oct.

---

[7] Because summary dismissal is warranted in this case, the Respondent is not required to file a response to the petition.

21, 2019), *report and recommendation adopted*, 2019 WL 6174933 (N.D. Fla. Nov. 20, 2019)(finding that the fanciful nature of the habeas petition indicated that allowing an amendment would be futile).

Before dismissing an action *sua sponte*, however, the Court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011)(citations and internal quotation marks omitted).  In the instant case, the Court has repeatedly notified Bey of the deficiencies in his petition and has afforded him multiple opportunities, over several months, to correct and refile his petitions.  Bey has filed two amended petitions; however, each time he failed to use the court-provided forms, and he failed to supply any legal or factual basis for his petitions.  Moreover, this Report and Recommendation will serve as sufficient notice to Bey that his petition is being recommended for dismissal as frivolous and will afford him yet another opportunity to respond.  See Jackson, 2019 U.S. Dist. LEXIS 202201 at *3, 2019 WL 6179542, at *2; Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009)(report and recommendation served as notice that claims would be *sua sponte* dismissed).

In sum, the undersigned finds that Bey's claim for habeas relief is due to be dismissed as frivolous as a matter of law, as

it is not rooted in reality; it is devoid of factual support; and it is based largely on allegations that are delusional and incoherent. <u>Cf.</u> <u>Allen v. Briggs</u>, 331 Fed. Appx. 603, 606 (10th Cir. 2009)(finding § 2254 habeas petition frivolous as a matter of law and lacking an arguable basis in either law or fact where petitioner alleged that he was being held in custody by his defense attorney); <u>Nanney v. Hooks</u>, 2018 U.S. Dist. LEXIS 201957, *6, 2018 WL 6247266, *2 (W.D.N.C. Nov. 29, 2018)(dismissing § 2254 habeas petition *sua sponte* under Rule 4 where none of the asserted grounds for relief stated a "recognizable constitutional violation," and Petitioner did not cite any facts to support his "fanciful, frivolous, and/or delusional allegations" that the prosecutor and clerk of court picked the jury from "witness protection files" to guarantee a guilty verdict for "coke cola 1 million dollar prize money. . . ."); <u>see</u> <u>also</u> <u>Moore v. Hawley</u>, 7 F. Supp. 2d 901, 905 (E.D. Mich. 1998)(noting that clearly baseless factual contentions in a habeas petition include those allegations which are fanciful or delusional).

### III. Certificate of Appealability.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a)("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The

habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). The instant petition is unquestionably a frivolous pleading. A reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition, without prejudice, as frivolous or that Bey should be allowed to proceed further. Slack, *supra*, 529 U.S. at 484("Where a plain procedural

11

bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) of the Rules Governing § 2254 Cases further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by Petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. See <u>Jones v. Mack</u>, 2020 U.S. Dist. LEXIS 204863, *18, 2019 WL 1104998, *2 (S.D. Ala. Jan. 25, 2019), *report and recommendation adopted*, 2019 WL 1102217 (S.D. Ala. Mar. 8, 2019).

**IV. Conclusion.**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Bey's petition for habeas corpus relief be denied, that this action be dismissed without prejudice as frivolous, and that judgment be entered in favor of the Respondent and against the Petitioner, Ulysses Taylor Bey. It is further recommended that any motion for a Certificate of appealability or for permission to proceed *in forma pauperis* be denied.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

13

**DONE** this **2nd** day of **December, 2020.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**